UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SANJA DRINKS-BRUDER,

        Plaintiff,

        v.

CITY OF NIAGARA FALLS et al.,

        Defendants.

_____

23-CV-1130-LJV
DECISION & ORDER

On September 23, 2022, Sanja Drinks-Bruder, proceeding pro se, commenced an action under 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act, and the New York State Human Rights Law ("NYSHRL").  *See* Case No. 22-cv-725 ("*Drinks-Bruder I*"), Docket Item 1 (W.D.N.Y. Sept. 23, 2022).  She sued the City of Niagara Falls and nine of its officers and employees, including Mayor Robert Restaino, Corporation Counsel Christopher Mazur, Niagara Falls Police Department ("NFPD") Chief John Faso, and former NFPD Chief Thomas Licata.  *See Drinks-Bruder v. City of Niagara Falls*, 2025 WL 2418901, at *1 (W.D.N.Y. Aug. 21, 2025) (describing Drinks-Bruder's action).

In that action, Drinks-Bruder's allegations "focus[ed] primarily on events that followed an interaction between Drinks-Bruder and a racist prisoner in November 2019, including the defendants' insisting that Drinks-Bruder undergo an evaluation under New York Civil Service Law § 72; her refusal to do so; and her eventual suspension under New York Civil Service Law § 75."  *Id.* at *3.  She brought numerous claims in that action, including for racial discrimination, retaliation, and hostile work environment under

Title VII; for racial discrimination, retaliation, and hostile work environment under the NYSHRL; and for punitive damages. *See Drinks-Bruder v. City of Niagara Falls*, 2024 WL 1094980, at *8-11, 12-14 (W.D.N.Y. Mar. 13, 2024).

After the defendants moved to dismiss the complaint, on March 13, 2024, the Court granted the motions in part but gave Drinks-Bruder leave to file an amended complaint. *See Drinks-Bruder*, 2024 WL 1094980, at *13-14. Drinks-Bruder did not file an amended complaint but instead submitted a "response" to the Court's decision, which the Court treated as her amended complaint. *See Drinks-Bruder*, 2025 WL 2418901, at *3. The defendants then moved to dismiss the amended complaint, and the Court dismissed several claims and defendants but permitted other claims to proceed.

More specifically, the Court found that Drinks-Bruder's Title VII retaliation claim against Niagara Falls; her due process claim against Niagara Falls, Faso, Licata, Mazur, and NFPD Captain Michael Corcoran; her NYSHRL retaliation claim against Niagara Falls, Faso, Licata, Mazur, and Corcoran; and her punitive damages claim against Faso, Licata, Mazur, and Corcoran survived the motion to dismiss. *Id.* at *14. *Drinks-Bruder I* is now proceeding through discovery. *See* Case No. 22-cv-725, Docket Item 89 (W.D.N.Y. Oct. 23, 2025).

On October 30, 2023, while the initial motions to dismiss her complaint were pending in *Drinks-Bruder I*, Drinks-Bruder commenced this action. Docket Item 1. Like the complaint in *Drinks-Bruder I,* the complaint in this action—which names Niagara Falls, Mazur, Licata, Faso, Mayor Restaino, and City Manager Anthony Restaino as defendants—focuses on Drinks Bruder's section 72 proceedings. *See generally id.*; *see*

2

*also id.* at 14 (identifying Anthony Restaino as "City [A]dministrator").  More specifically, it alleges that Drinks-Bruder "was given an unlawful 72 proceeding that lead [sic] to unlawful 75[]s."  Docket Item 1 at 12.[1]

As she did for her first action, Drinks-Bruder brought her second action under Title VII and the NYSHRL.  Docket Item 1.  And as in her first action, Drinks-Bruder raised claims for racial discrimination and retaliation.  *Id.* at 4.  But unlike the complaint in *Drinks-Bruder I*, the complaint in this case challenged Drinks-Bruder's termination and raised a claim for age discrimination.  *See id.* at 1, 4; *see also id.* at 14 (alleging that Anthony Restaino terminated Drinks-Bruder on May 4, 2022).  And in response to a question on this District's Discrimination Complaint form about whether she had submitted a complaint to the New York State Division of Human Rights ("NYSDHR"), Drinks-Bruder provided a different NYSDHR complaint number and filing date than she had in her first action.  *Compare* Case No. 22-cv-725, Docket Item 1 at 3, *with* Docket Item 1 at 3.

The defendants moved to dismiss this complaint, Docket Item 2; Drinks-Bruder responded, Docket Item 11; and the defendants replied, Docket Item 12.  For the reasons that follow, the complaint is DISMISSED as duplicative of the complaint in *Drinks-Bruder I,* and the defendants' motion to dismiss, Docket Item 2, is DENIED without prejudice as moot.  As discussed below, however, that dismissal is without prejudice to Drinks-Bruder's moving to file an amended complaint in *Drinks-Bruder I*.

---

[1] Page numbers in docket citations refer to ECF pagination.

**DISCUSSION**

In moving to dismiss, the defendants do not specifically argue that this case should be dismissed as duplicative of *Drinks-Bruder I*.  *See generally* Docket Item 2-3. They do note, however, that apart from the "allegations challenging [Drinks-Bruder's] termination," the facts Drinks-Bruder raises in this action "are . . . entirely redundant . . . of the allegations that are the subject of [Drinks-Bruder]'s [other] action"—that is, *Drinks-Bruder I*.  Docket Item 12 at 4-5.  Because a district court may sua sponte consider whether a suit is duplicative of another federal court suit, *see Maltese v. Delta Airlines Corp.*, 2024 WL 4581712, at *1, 3 (E.D.N.Y. Oct. 25, 2024), the Court turns to that analysis.

"Generally, a plaintiff has 'no right to maintain two actions on the same subject in the same court[] against the same defendants at the same time.'"  *Marciniak v. Mass. Inst. of Tech.*, 2024 WL 4350872, at *7 (S.D.N.Y. Sept. 29, 2024) (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139) (alteration omitted)).  "'As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit,' so long as neither suit has reached a final judgment."  *Id.* (quoting *Curtis*, 226 F.3d at 138); *see also Oliver v. Penny*, 2020 WL 7316125, at *7 (N.D.N.Y. Dec. 11, 2020) (noting that courts confronted with duplicative actions may also "enjoin the parties from proceeding with [the duplicative lawsuit] or consolidate the two actions" (quoting *Curtis*, 226 F.3d at 138)).  That power is related to, but distinct from, the doctrines of claim preclusion and res judicata.  *Oliver*, 2020 WL 7316125, at *7.

4

"In order to dismiss a pending suit as duplicative, there must be the same parties, or, at least, such as to represent the same interests; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts[;] and the title, or essential basis, of the relief sought must be the same." *Oliver v. Penny*, 2022 WL 2165814, at *1 (2d Cir. June 16, 2022) (summary order) (alteration, citation, and internal quotation marks omitted).  "[T]he rule against duplicative litigation 'does not require that all aspects of the new and prior suits be identical but rather[] focuses on whether the two claims arise from the same nucleus of operative fact.'" *Oliver*, 2020 WL 7316125, at *8 (internal quotation marks omitted) (quoting *Davis v. Norwalk Econ. Opportunity Now, Inc.*, 534 F. App'x 47, 48 (2d Cir. 2013) (summary order)).

Drinks-Bruder's claims in this action and her claims in *Drinks-Bruder I* certainly "arise from the same nucleus of operative fact."[2]  In her complaint in this case, Docket Item 1, and in her opposition to the defendants' motion to dismiss, Docket Item 11, Drinks-Bruder discusses the same incidents described at length in *Drinks-Bruder I*: the 2019 incident with the racist prisoner, the defendants' attempts to force a section 72 examination, and her refusal to comply.  *Compare* Docket Item 1 at 11-15; Docket Item 11 at 2-9, *with* Case No. 22-cv-725, Docket Item 1 at 23 (alleging that in November 2019 a "white racist violent prisoner" committed "racial hatred discriminatory acts against" Drinks-Bruder), 14-15 (discussing attempts to have Drinks-Bruder take

---

[2] In fact, Drinks-Bruder now has moved to consolidate this matter with *Drinks-Bruder I* and makes that very argument in her motion.  *See* Case No. 22-cv-725, Docket Item 108 (stating that the "two actions arise from the same transaction or occurrences" and "involve the same parties").  The Court will decide that motion by separate order.

evaluation and her refusal to comply); Case No. 22-cv-725, Docket Item 34 at 16 (discussing racist comments from prisoner and section 72 proceeding). As discussed above, the only differences between the stories told in the two complaints is that here, Drinks-Bruder explicitly alleges that her employment was terminated in May 2022, Docket Item 1 at 14,[3] and that Licata made a comment about her age, Docket Item 11 at 3.[4] And based on those new allegations, she indicates that she intends to challenge her termination and raise an age discrimination claim. Docket Item 1 at 4.

If those events had occurred after the filing of the operative pleading in *Drinks-Bruder I*, they "could properly be the subject of a second lawsuit." *Oliver*, 2020 WL 7316125, at *8 (citing *Curtis*, 226 F.3d at 138-39). But both her termination and Licata's comment occurred well before Drinks-Bruder commenced *Drinks-Bruder I*, let alone when she filed the response that the Court construed as her amended complaint. *See* Docket Item 1 at 14 (alleging that termination took place in May 2022); Docket Item 11 at 3 (appearing to allege that Licata's comment was made in November 2019).

The instant action therefore is duplicative of *Drinks-Bruder I*. For that reason, and mindful of Drinks-Bruder's status as a pro se litigant, the Court must decide how to

---

[3] In *Drinks-Bruder I*, the defendants noted that Drinks-Bruder's employment had been terminated, *see* Case No. 22-cv-725, Docket Item 16-1 at 5, but Drinks-Bruder did not refer to that in the complaint.

[4] Although Anthony Restaino was not named as a defendant in *Drinks-Bruder I*, he is—like the other the defendants in this action, all of whom are named in *Drinks-Bruder I*—employed by the City of Niagara Falls. Docket Item 1 at 14 (describing Anthony Restaino as "City [A]dministrator"). He is therefore in privity with those parties for the purposes of determining whether this action is duplicative. *See Oliver*, 2020 WL 7316125, at *8 (action was duplicative despite involving different parties because all defendants were employed by the New York State Police and therefore "in privity" with each other).

proceed. And in determining how to address this duplicative litigation, the Court also "must 'consider the equities of the situation.'" *See Laurel Shipping LLC v. Ridgebury Kilo LLC*, 560 F. Supp. 3d 802, 807 (S.D.N.Y. Sept. 17, 2021) (quoting *Curtis*, 226 F.3d at 138).

Because "[t]he power to dismiss a duplicative lawsuit is meant to foster judicial economy . . . and . . . to protect parties from the vexation of concurrent litigation over the same subject matter," *Oliver*, 2020 WL 7316125, at *7 (citations and internal quotation marks omitted), the Court has the authority simply to dismiss this case as duplicative of *Drinks-Bruder I*, *see id.* at *8 (dismissing as duplicative all claims in second action for discrimination and retaliation "in connection with acts prior to March 29, 2016—the date [p]laintiff filed the amended complaint" in her first action). In fact, at least one other district court in this Circuit has dismissed a second, duplicative complaint *with prejudice* under similar circumstances. *See Morency v. Village of Lynbrook*, 1. F. Supp. 3d 58, 62-63 (E.D.N.Y. 2014)

Nevertheless, the Court declines to follow that latter path. Because Drinks-Bruder is proceeding pro se, and because she may have filed this second action out of confusion,[5] the Court instead will dismiss the complaint in this action without prejudice

---

[5] In the complaint, Drinks-Bruder suggests that she was told by NYSDHR that she was "not allow[ed] to add this case (complaint) to case 22-cv-[]725." Docket Item 1 at 10. Because Drinks-Bruder's employment had not been terminated until after she filed her first NYSDHR complaint, *see* Case No. 22-cv-725, Docket Item 1 at 3 (referencing NYSDHR complaint filed in January 2021), and her NYSDHR proceeding ended only a month after her termination, *see id.* at 28, Drinks-Bruder appears to have addressed her termination by filing a second NYSDHR complaint, *see* Docket Item 1 at 3 (noting that she had filed NYSDHR complaint in October 2022). And because she had to commence a second proceeding before NYSDHR, she appears to have thought that she could raise her termination only in a second action in federal court. *See id.* at

to Drinks-Bruder's moving to amend the complaint in *Drinks-Bruder I* in order to add claims for age discrimination and wrongful termination. Doing so will allow her to present those claims, if she so chooses, while also ensuring that the defendants do not litigate multiple actions involving the same subject matter.

### **CONCLUSION**

For the reasons stated above, the complaint, Docket Item 1, is DISMISSED as duplicative of *Drinks-Bruder I*. Drinks-Bruder may, within 45 days of the date of this order, move for leave to file an amended complaint in *Drinks-Bruder I* that raises claims for wrongful termination and age discrimination.

The defendants' motion to dismiss, Docket Item 2, is DENIED without prejudice as moot. The Clerk of the Court shall close this case.

SO ORDERED.

Dated:   March 30, 2026
          Buffalo, New York


                              */s/ Lawrence J. Vilardo*
                              LAWRENCE J. VILARDO
                              UNITED STATES DISTRICT JUDGE

---

10 (noting that she had "file[d] another complaint" because she was told "actions mentioned within this case were different").